**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Robin Dickinson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| V. | ) | |
| | ) | |
| Windham Professionals, Inc., | ) | **COMPLAINT WITH** |
| and | ) | **JURY TRIAL DEMAND** |
| Second Round Sub, LLC | ) | |
| | ) | |
| Defendants | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Robin Dickinson, is a natural person who resides in Clayton County, Georgia.

2.     Defendant, Windham Professionals, Inc. (hereinafter "Windham") is a corporation headquartered in New Hampshire and registered to do business in Georgia/does business in Georgia. Windham can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.     Defendant Second Round Sub, LLC (hereinafter Second Round) is a limited liability corporation headquartered in Austin, Texas. It does business, but is not registered in Georgia. It can be served through its principal and President, Larry Vasbinder  1701 Directors Blvd Ste 900

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendants because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.     Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

8.     Plaintiff is allegedly obligated to pay a consumer debt arising out of credit card account used for the purchase of ordinary goods and services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.     Second Round is a national debt-buyer of defaulted consumer accounts. Its principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit.

10.     Second Round uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.     Second Sub manages, and collects upon, thousands of consumer debt accounts annually.

12.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

3

13.    Windham is a collection agency specializing in the collection of consumer debt.

14.    Windham uses interstate commerce and/or mail in its business in the collection of consumer debts.

15.    Windham manages, and collects upon, thousands of consumer debt accounts annually.

16.    Windham is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17.    The credit card account referenced herein was originally issued by Synchrony Bank.

18.    The account went into default and was purchased by Second Round.

19.    Second Round engaged Windham to assist it in the collection of this account. Second Round had used Windham to facilitate collection from consumers in hundreds of cases.

20.    Second Round is familiar with the collection techniques used by Windham.

21.    At all timed relevant hereto, Windham has been the agent of Second Round for the collection of the account owed by Plaintiff. Moreover, all actions

taken by Windham related to this case were for the benefit of Second Round and were with its knowledge and approval.

22.     On or about March 15th, 2021, Defendants caused to be sent to the Plaintiff a letter demanding payment of the account originally issued by Synchrony Bank and now held by Second Round in the amount of $2,238.84.

23.     The Defendants' letter contained highly sensitive and personal information related to the Plaintiff, including a) the Plaintiff's name and address; b) the name of the Plaintiff's creditor; c) that the Plaintiff had a debt; d) the exact amount alleged to be owed; e) that the debt was in default; and f) that the debt was being collected by a collection agency.

24.     The letter received by the Plaintiff shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff.

25.     This letter, with the IMB code highlighted for ease of reference, is reproduced below:

*Windham*
P R O F E S S I O N A L S

Toll Free: 1-866-645-8813

**Office Hours:**
8:00 AM to 9:00 PM ET Monday – Thursday
8:00 AM to 7:00 PM ET Friday
10:00 AM to 2:00 PM ET Saturday

**Mailing Address:**
380 Main Street
Salem, NH  03079-2412

Date: March 15, 2021

| Account Information | |
|---|---|
| Current Creditor to Whom the Debt is Owed | Second Round Sub, LLC |
| Original Creditor | Synchrony Bank |
| Original Creditor # | XXXXXXXXXXXX1305 |
| Name | Robin  Dickinson |
| Our Account Number | 6696495 |
| Amount Due | $2,238.84 |

We have been engaged by Second Round Sub, LLC to collect the account listed above.

Amount Due is the total amount required to pay your obligation in full. Interest is not accruing on this debt.

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

You may be able to resolve your account for an amount that is less than the Amount Due. This opportunity will remain available until at least thirty (30) days after the expiration of the 30 day period described above; after that, this opportunity can be ended at any time, without notice to you. To take advantage of this opportunity, you may contact us TOLL FREE at 1-866-645-8813. Payments received before you have confirmed your resolution will be applied against the full amount of your obligation.

You may pay by Check or Credit/Debit Card via our online portal at HTTP://WWW.WINDHAMPROS.COM/MAKEAPAYMENT.

Payments also may be sent to us at 380 Main St., Salem, NH 03079.  Please do not send cash.

Please send all correspondence to 380 Main St., Salem, NH 03079.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**THIS FACILITY MAY RECORD AND/OR MONITOR TELEPHONE CALLS.**

**\* \* NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION \* \***

03FS

- - - - - - - - - - - - - - - - - - - - - Detach and Return with Your Payment - - - - - - - - - - - - - - - - - - - - -

I_TTWIND01_L-03FS

TTWIND01
PO Box 1280
Oaks PA  19456-1280
ADDRESS SERVICE REQUESTED

| TOLL FREE | 1-866-645-8813 | |
|---|---|---|
| CURRENT CREDITOR | Second Round Sub, LLC | |
| **OUR ACCOUNT NUMBER** | | **AMOUNT DUE** |
| 6696495 | | $2,238.84 |

March 15, 2021

742308989

**PERSONAL & CONFIDENTIAL**
Robin Dickinson
504 Eskew Rd
Mcdonough GA 30252-5611

Windham Professionals, Inc.
380 Main St.
Salem  NH 03079-2412


Pay Your
Bills Online
HTTP://WWW.WINDHAMPROS.COM/MAKEAPAYMENT

26.     IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

27.     The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather Dantom Systems, Inc. (hereinafter "Dantom") a mailing service that has no relationship with the Defendant other than that of a service vendor.

28.     The Plaintiff believes and therefore avers that the Defendant communicated the personal information regarding the Plaintiff and her debt to Dantom in connection with the debt being collected and for the express purpose of facilitating that collection.

29.      The transmission of this information by the Defendants was an invasion of the Plaintiff's privacy.

30.     Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

## INJURIES-IN-FACT

31.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

32.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

33.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

34.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

8

35.    Defendants' acts and omissions caused particularized harm to the Plaintiff in that the Defendants' communication of the Plaintiff's personal information violated a clear statutory right and was an invasion of Plaintiff's individual privacy; insert other particularized harm.

36.    Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

37.    As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to unfair debt collection practices;

b.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendants' collection efforts;

c.)    The Plaintiff suffered a violation of her right to privacy; and

d.)    Anxiety and worry caused by concern that Defendants would continue to disseminate private and sensitive information to third parties. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692c and subparts*

38.     Defendants' communication of Plaintiff's personal information to Dantom as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Hunstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April 21, 2021)

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

39.     Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

40.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

41.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

42.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

43.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

44.     Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

45.     Defendants' conduct has implications for the consuming public in general.

46.     Defendants' conduct negatively impacts the consumer marketplace.

47.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

48.     As a result of Defendants' violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

49.     As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

50.    As a result of Defendants' intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

51.    Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

52.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally,  for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 17th day of May, 2021.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*